UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYESHIAH NUTALL,<br>Plaintiff,<br>v.<br>TESLA, INC., CESAR ESCAMILLA, and DOES 1 through 20, inclusive,<br>Defendants. | No. 2:26-cv-02006-DJC-SCR<br><br>ORDER |

Plaintiff Ayeshiah Nutall filed this case in San Joaquin County Superior Court against her former employer, Tesla, Inc. ("Tesla") and her former supervisor, Cesar Escamilla, along with unnamed Doe defendants, alleging discrimination based on disability and gender, workplace environment harassment, and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"), as well as the California Labor Code. Defendant Tesla removed the case to this Court based on diversity of citizenship between Plaintiff and Tesla, asserting that Defendant Escamilla, a California resident, was fraudulently joined. Plaintiff now moves to remand (ECF No. 8), arguing that Defendant Escamilla was not fraudulently joined, and that the parties are therefore not completely diverse. Separately, Defendant Tesla has also filed a Motion

to Compel Arbitration (ECF No. 6) and a Motion to Dismiss (ECF No. 7), all of which are pending before the Court.

For the reasons stated below, Plaintiff's Motion to Remand is granted, and Defendant Tesla's Motion to Compel Arbitration and Motion to Dismiss are both denied as moot. This case is ordered remanded to the San Joaquin County Superior Court.

## BACKGROUND

Plaintiff Ayeshiah Nutall is a resident of California who worked for Defendant Tesla in San Joaquin County, California. (Compl. (ECF No. 1, Ex. A) at ¶ 7.) Defendant Cesar Escamilla was Plaintiff's supervisor at Tesla, and is a resident of California. (Compl. at ¶ 10.) The Parties do not dispute that Defendant Tesla is a Texas corporation with its principal place of business in Austin, Texas. (Compl. at ¶ 9; Not. Removal (ECF No. 1) at 4.)

Plaintiff alleges that while working at Defendant Tesla she experienced a "pervasive, hostile work environment orchestrated by her supervisor Defendant Cesar Escamilla," and that she experienced harassment and discrimination based on her gender and a medical disability. (Compl. at ¶¶ 17, 22, 24.) Specifically, Plaintiff alleges that after suffering a miscarriage during a shift which caused her to feel unwell, Defendant Escamilla prevented Plaintiff from leaving work. (Compl. at ¶ 20.) Plaintiff claims that Defendants subsequently denied Plaintiff's later medical leave request to seek medical treatment for the miscarriage. (Compl. at ¶ 22.) Plaintiff further claims that Defendants then retaliated against her for absences related to her miscarriage, and for reporting the alleged harassment to Defendant Tesla's human resources department – with Defendant Tesla ultimately terminating her on June 19, 2025. (Compl. at ¶¶ 22, 24, 26.) Based on these allegations, Plaintiff asserts violations of FEHA and the California labor code against both Defendants.

In removing this case to this Court, Defendant Tesla argues that Defendant Escamilla was fraudulently joined because Defendant Escamilla cannot be liable to

Plaintiff on any theory alleged in the complaint. (*See* Not. Removal at 4.) Plaintiff, however, argues that Defendant Escamilla was not fraudulently joined because he may be personally liable both for harassment under FEHA and for retaliation under California Labor Code Section 1102.5, thereby defeating the Parties' complete diversity of citizenship. (*See* Reply (ECF No. 18) at 5.)

**LEGAL STANDARD**

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (cleaned up)). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1044–46 (citations omitted)). Defendant Tesla challenges the joinder of Defendant Escamilla on the second basis, which requires Defendant Tesla to show there is no possibility that a state court would find that the Complaint states a cause of action against Defendant Escamilla. *See id.* (quoting *Hunter*, 582 F.3d at 1046). Defendant Tesla "bears a 'heavy burden' since there is a 'general

presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (alteration included).

Establishing an inability to state a cause of action against the non-diverse defendant requires more than showing that the claim does not meet the standards for a motion to dismiss under Rule 12(b)(6). Rather, the court must determine "[whether] there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) (emphasis added); *Grancare*, 889 F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare*, 889 F.3d at 548–49. For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), or other inability to hold the defendant liable, *see United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim "impossible."

**DISCUSSION**

Plaintiff's Motion does not dispute that Plaintiff's citizenship is diverse from Defendant Tesla's citizenship or that the amount in controversy requirement is met. (*See generally* Mot. Remand.) Therefore, the sole issue before the Court is whether

Defendant Escamilla was fraudulently joined, and therefore whether there is complete diversity of citizenship among the parties. Because joinder is not fraudulent if a Defendant could be liable for any of Plaintiff's state law claims, the Court needs only to determine whether there is a possibility that a state court may find that Plaintiff has stated a single cause of action against Defendant Escamilla. *See Grancare,* 889 F.3d at 548.

**I. Fraudulent Joinder – FEHA Harassment Claim**

To state a FEHA harassment claim, a Plaintiff must demonstrate that "(1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013). Plaintiff's Complaint alleges that Defendant Escamilla created a "pervasive, hostile work environment" by "constantly threaten[ing] Plaintiff that he would terminate her" for leaving work to take care of her child, and by refusing to let Plaintiff leave work after she suffered a miscarriage during a shift and felt unwell as a result. (Compl. at ¶¶ 17, 19, 20.) In response, Defendant Tesla argues that Plaintiff has not pled sufficient facts to support a claim of harassment, and that Defendant Escamilla's actions were "personnel management decisions" that "fall outside the purview of harassment." (Opp'n at 6.)

The Parties do not dispute that FEHA imposes personal liability on individual employees for harassment. *See* Cal. Gov. Code § 12940(j)(3) ("An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee,"); *See also Reno v. Baird*, 18 Cal. 4th 640, 645-47 (1998) (explaining that individuals may be liable for harassment under FEHA). Thus, there is no statutory bar to Plaintiff's harassment claim against Defendant Escamilla.

For purposes of fraudulent joinder, the question regarding the allegations in the Complaint is not whether the Court would grant a motion to dismiss under Rule

12(b)(6). Rather, Defendant Tesla's "heavy burden" is to demonstrate there is "no possibility" that Plaintiff could prevail on any claim against Defendant Escamilla. *See Grancare*, 889 F.3d at 548. Defendant Tesla has not met this burden. Defendant Tesla has not identified any procedural defenses or immunities that would bar Plaintiff's claims and FEHA expressly authorizes harassment claims against employees.

While the Court is skeptical that Plaintiff's harassment claim against Defendant Escamilla would survive a motion to dismiss under Rule 12(b)(6), the Ninth Circuit has explained that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," and, thus, "equat[ing] fraudulent joinder with Rule 12(b)(6)" wrongly "conflates a jurisdictional inquiry with an adjudication on the merits." *Id.* at 549. Therefore, "if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437-MMM-FMO, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases). Assessing Plaintiff's claim against Defendant Escamilla under the more permissive pleading standards for overcoming fraudulent joinder challenges in the Ninth Circuit, the Court finds that Plaintiff's allegations raise the possibility of a colorable harassment claim against Defendant Escamilla in California state court, notwithstanding how this claim may fare under the more exacting pleading standards to survive a motion to dismiss under Rule 12(b)(6).

The Court notes that Defendant Tesla cites to *Villalobos v. Costco Wholesale,* No. 2:23-cv-00622, 2023 WL 5108499 (E.D. Cal. Aug. 9, 2023) as an example of a district court denying a "motion[] to remand on fraudulent joinder grounds where claims of harassment were insufficiently pled." (Opp'n at 5). In light of the Court's reassessment of the weight of Ninth Circuit authority regarding the pleading standards for fraudulent joinder and the heavy burden defendants must meet to demonstrate it, the Court finds that *Villalobos*'s finding of fraudulent joinder was wrongly decided – a position reflected in the Court's departure from *Villalobos*'s

reasoning in subsequent cases. *See Castaneda v. Triple Canopy, Inc.*, No. 2:25-cv-03288, 2026 WL 2210095 (E.D. Cal. July 31, 2026); *Garcia v. Clean Earth Env't Sols., Inc.*, No. 2:26-cv-00251, 2026 WL 1131296 (E.D. Cal. Apr. 27, 2026); *Safdar v. Costco Wholesale Corp.*, No. 2:26-cv-00382, 2026 WL 913226 (E.D. Cal. Apr. 3, 2026); *Ghiorso v. USA Waste of California, Inc.*, No. 2:25-cv-02382, 2025 WL 3251105 (E.D. Cal. Nov. 21, 2025); *Salter v. United Parcel Serv., Inc.*, No. 2:25-cv-01482, 2025 WL 2635652 (E.D. Cal. Sept. 12, 2025); *Bibbs v. Raising Cane's USA, L.L.C.*, No. 2:25-cv-01443, 2025 WL 2619006 (E.D. Cal. Sept. 11, 2025); *Mann v. Ply Gem Pac. Windows Corp.*, No. 2:24-cv-01328, 2024 WL 3203327 (E.D. Cal. June 26, 2024); *Artz v. Salon*, No. 2:23-cv-01599, 2023 WL 7987613 (E.D. Cal. Nov. 17, 2023).

Accordingly, the Court finds that Defendant Tesla has not met its burden to show fraudulent joinder. As such, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties.

**REQUEST FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C)**

Plaintiff's Motion also includes a request for attorneys' fees under 28 U.S.C. § 1447(c) on the basis that there was no objectively reasonable basis for removal. (Mot. Remand at 10-11.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that Defendant Tesla lacked an objectively reasonable basis for removing this action. As such, Plaintiff's request for attorneys' fees is denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 8) is GRANTED.
2. Plaintiff's Request for Attorneys' Fees under 28 U.S.C. § 1447(c) is DENIED.

3. Defendant Tesla's Motion to Compel Arbitration (ECF No. 6) is DENIED as moot.
4. Defendant Tesla's Motion to Dismiss (ECF No. 7) is DENIED as moot.
5. The hearing set for August 27, 2026 is VACATED.
6. The Clerk of Court is directed to remand this case to the Superior Court of California, County of San Joaquin, and close this case.

IT IS SO ORDERED.

IT IS SO ORDERED.

Dated: **August 13, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Nutall26cv02006.mtr